**Rod STEWART et al., Plaintiffs,**

**v.**

**SOUTHERN MUSIC DISTRIBUTING CO., INC., et al., Defendants.**

**No. 79–618–Orl–Civ–R.**

United States District Court,
M. D. Florida,
Orlando Division.

Dec. 31, 1980.

David M. Rogero, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for plaintiffs.

Herbert L. Allen, of Duckworth, Hobby, Allen & Pettis and Jeff B. Clark, of Jeff B. Clark, P. A., Orlando, Fla., for defendants.

## MEMORANDUM OF DECISION

REED, District Judge.

The complaint alleges that the defendant Southern Music Distributing Co., Inc. owns juke boxes and makes them available for the public performance of copyrighted musical compositions in various public establishments, including Lou's Lounge in Orlando, Florida. Further the complaint alleges that on 7 September 1979 the defendants

infringed copyrights of the plaintiffs by the public performance of plaintiffs' compositions at Lou's Lounge.

By a motion for summary judgment filed on 21 November 1980, the defendants have asserted through supporting affidavits that Lou's Lounge makes an indirect charge for admission. Because of this admission charge, the defendants argue that the juke box installed in Lou's Lounge by defendant Southern is not a "coin-operated phonorecord player" for purposes of 17 U.S.C. § 116 and, therefore, conclude that no liability for infringement can be imposed on the defendants for a public performance of the plaintiffs' material on that juke box.

Although the defendants' major factual premise may be correct—an issue the court does not decide—their legal conclusion does not follow. If the juke box at Lou's Lounge is not a "coin-operated phonorecord player" for purposes of Section 116, the defendants are not entitled to a compulsory license under Section 116(a)(2), but that is the only relevance to the defendants of the dichotomy between a juke box which is and one which is not a "coin-operated phonorecord player".

The exemption under the present law in Section 116(a) is extended only to the proprietor of an establishment in which musical works are publicly performed on a juke box and then only when the conditions specified in Section 116(e)(1) are met and the proprietor is not also an "operator" as defined in Section 116(e)(2). Section 116 eliminates entirely the exemption previously enjoyed by the "operator" of a juke box, but instead provides for mandatory licensing to one in that status.

For the foregoing reasons, even if it be established as a matter of fact that Lou's Lounge makes a charge for admission, the defendants may still be liable for an unlicensed public performance of the plaintiffs' copyrighted works under the provisions of Section 501 as contributory infringers. See *Gershwin Publishing Corporation v. Columbia Artists Man., Inc.*, 443 F.2d 1159 (2d Cir. 1971).

Section 116 is sufficiently clear that resort to legislative history is not necessary; however, the interpretation this court gives Section 116 is consistent with the purpose expressed by the House Committee on the Judiciary in House Report 94–1476. In part, the report states:

" . . .

1. The present blanket jukebox exemption should not be continued. Whatever justification existed for it in 1909 exists no longer, and one class of commercial users of music should not be completely absolved from liability when none of the others enjoys any exemption.

2. Performances on coin-operated phonorecord players should be subject to a compulsory license (that is, automatic clearance) with statutory fees...."

See [1976] U.S.Code Cong. & Ad.News, pp. 5659, 5728.

Prior to the passage on 19 October 1976 of the present copyright statute, the earlier copyright law by a restrictive definition of "public performance" exempted from liability both the "operator" of a juke box and the proprietor of the premises wherein the juke box was used, unless the proprietor made an admission charge. See Section 1(e), Title 17, U.S.Code (1970). It was obviously the intent of Congress in 1976 to narrow the exemption of the earlier law.

The motion for summary judgment will be denied for the foregoing reasons.